## MISSOURI v. DOCKERY.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 180. Argued October 27, 1903.—Decided November 16, 1903.

The rights of an individual under the Fourteenth Amendment turn on the power of the State. A State does not infringe his rights under that amendment by exempting a corporation from a tax either wholly or in part, whether such exemption results from the plain language of a statute or from the conduct of a state official under it.

THE facts appear in the opinion of the court.

Mr. E. P. Johnson, with whom Mr. Frank K. Ryan was on the brief, for plaintiff in error.

As to power to issue writs of mandamus and functions of writ, see § 3, Art. VI, Const., and § 4301, R. S. Missouri; State v. Weeks, 93 Missouri, 499; State v. Rombauer, 104 Missouri, 619; State v. Fraker, 166 Missouri, 130, 140; State v. Renick, 157 Missouri, 292, 298; State v. St. Louis, 145 Missouri, 551, 577; State v. Joplin Water Works, 52 Missouri App. 312; 19 Am. & Eng. Enc. 2d ed. 725, and cases cited. Such writ is remedial. State v. Lewis, 76 Missouri, 370; State v. Fraker, 166 Missouri, 130, 140; High's Extraordinary Legal Remedies, 3d ed. sec. 430. It may be addressed to a court or other body or the individuals composing either, or to both of them. St. Louis County v. Sparks, 10 Missouri, 117, 120; State v. Public Schools, 134 Missouri, 296, 297; State v. School Board, 131 Missouri, 505, 511; State Board of Equalization v. The People, 191 Illinois, 528. The proper mode of testing the sufficiency of an alternative writ of mandamus is by a motion to quash such writ. State v. Cook, 171 Missouri, 348, 354; State v. Everett, 52 Missouri, 89, 93. On a motion to quash or a demurrer, all facts sufficiently pleaded are thereby admitted. State v. Higgins, 76 Missouri App. 319, 328; State v. Neville,

110 Missouri, 345; State v. Public Schools, 134 Missouri, 296, 305; State v. Conrad, 147 Missouri, 654, 662; State v. Adam, 161 Missouri, 349, 363.

The motion to quash is equivalent to a demurrer and if there is any cause of action stated in the petition the motion should be overruled. §§ 599, 675, R. S. Missouri, 1899; McClurg v. Phillips, 49 Missouri, 315; Alnut v. Leper, 48 Missouri, 319. Irrelevant or redundant matter may be stricken out. § 612 R. S; State v. St. Louis, 145 Missouri, 551. The governor of the State is not even ex officio a member of the State Board of Equalization. State v. Walker, 121 Missouri, 162. This is not a suit against a State but against its officers to compel them to exercise a discretion vested in them by its laws. Smyth v. Ames, 169 U. S. 466, 518; Scott v. Donald, 165 U. S. 58, 67; In re Tyler, 149 U. S. 164, 190; Tindal v. Wesley, 167 U. S. 204, 220; Pennoyer v. McConnaughy, 140 U. S. 1, 10. A writ of error or an appeal lies from a judgment awarding or refusing a peremptory writ of mandamus. State v. Riley, 85 Missouri, 156; State v. Lewis, 76 Missouri, 370, 377; State v. Horner, 10 Mo. App. 307, 315; Bastan v. Board of Trustees, 88 Mo. App. 22; Ex parte Skaggs, 19 Missouri, 339; Lewis v. Price, 11 Missouri, 398; Merrill on Mandamus, sec. 306. And a writ or error lies from this court to the Supreme Court of Missouri, on a refusal by the latter to issue such writ. Missouri v. Lewis, 101 U. S. 22. Any citizen and taxpayer is entitled to bring an action in mandamus against a public officer to compel him to perform his official public duty. State v. Public Schools, 134 Missouri, 296, 304; State v. School Board, 131 Missouri, 505, 514; State v. Francis, 95 Missouri, 44; State v. Hoblitzelle, 85 Missouri, 620, 626; State v. Railroad, 86 Missouri, 13. Demand is not necessary. State v. Stucky, 78 Mo. App. 533, 545; People v. Kipley, 171 Illinois, 44, 91; State Board of Equalization v. People, 191 Illinois, 528, 540; State v. Street Ry. Co., 19 Washington, 518, 523; State v. Cornwall, 97 Wisconsin, 565; 13 Ency. of Pl. & Pr. 618; High's Ext. Leg. Rems. 3d ed. sec. 13; Merrill on Mandamus, sec. 224.

Mandamus will lie to compel the Board to reassemble after adjournment and perform the duty it should have, but failed, to perform. *State* v. *Berg,* 76 Missouri, 136, 143; *State* v. *Trigg,* 72 Missouri, 365; *State* v. *Public Schools,* 134 Missouri, 296, 304; *State* v. *Stucky,* 78 Mo. App. 533, 545; *Lowenthal* v. *The People,* 192 Illinois, 222, 232; *The People* v. *Board of Supervisors,* 185 Illinois, 288, 292; *People* v. *Schiellien,* 95 N. Y. 124, 133; *People* v. *Board of Registration,* 17 Michigan, 427; *Lewis* v. *Commissioners,* 16 Kansas, 102, 106; *State* v. *Hill,* 20 Nebraska, 119. An application made before the day of adjournment would have been premature and properly refused. *State* v. *Associated Press,* 159 Missouri, 410, 421; *Lowenthal* v. *The People,* 192 Illinois, 222, 232; High's Ext. Leg. Rems. 3d ed. sec. 12. Besides the writ would not abate, but might go against their successors in office. *State* v. *Walbridge,* 153 Missouri, 194, 204; *State Board of Equalization* v. *The People,* 191 Illinois, 528, 541. Under the plenary provisions of sec. 9356, R. S. Missouri, 1899, it would not be necessary to reconvene said Board.

Mandamus does not lie to control the discretion of a court board of public officers, but to compel its exercise in cases where it was not exercised, or where it was exercised in such a manner as to amount to a virtual refusal to exercise it. *State* v. *Talty,* 166 Missouri, 529, 560; *State* v. *St. Louis,* 158 Missouri, 505, 514; *State* v. *Public Schools,* 134 Missouri, 296, 311; *State* v. *State Board of Health,* 103 Missouri, 22, 29. Mandamus lies to compel an officer to perform his duty, and levy a tax where he fails or refuses to perform it. *State* v. *Tracy,* 94 Missouri, 217; *State* v. *Riley,* 85 Missouri, 156; *State* v. *Byers,* 67 Missouri, 706. Also to compel a State Board of Equalization to assess property. *State* v. *Severance,* 55 Missouri, 378, 384; *State Board* v. *People,* 191 Illinois, 528, 531; Merrill on Mandamus, sec. 527, and cases cited; *Brown* v. *Oneida County,* 103 Wisconsin, 149, 159. A State Board of Equalization, which wilfully makes an assessment that is grossly inadequate, may be compelled by mandamus to make a valid assessment. *State Board* v. *The People,* 191 Illinois, 528, 539; *State* v. *Savage*

(Neb.), 91 N. W. Rep. 716, 731; *Manchester* v. *Furnald*, 71 N. H. 153, 158; *Knight* v. *Thomas*, 93 Maine, 494, 500; *Brown* v. *Oneida County*, 103 Wisconsin, 149, 159; *Railway Co.* v. *Backus*, 154 U. S. 421, 435; *Taylor* v. *Louisville & N. R. Co.*, 88 Fed. Rep. 350, 373, 374.

By the averments in the petition and alternative writ, that the Board failed to ascertain and assess the total cash value of said assessable property, or of said corporations but made pretended assessments of the same which were grossly inadequate, fraudulent and not uniform and from twenty-five to forty-eight per cent of the cash value of the property so assessed, as against an assessment of the full cash value of the property of relator, which was a gross abuse of their discretion and an evasion of their positive duty, thereby largely increasing the tax to be paid by relator and all other taxpayers of St. Louis.

The case at bar is brought within the rulings of this court denying to persons the equal protection of the laws. *Cummings* v. *National Bank*, 101 U. S. 153; *Supervisors* v. *Stanley*, 105 U. S. 305; *National Bank* v. *Kimball*, 103 U. S. 732; *Pittsburgh, etc., Ry. Co.* v. *Backus*, 154 U. S. 421, 435; *Kentucky Railroad Tax Cases*, 115 U. S. 321, 336; *Union Pac. Ry. Co.* v. *Cheyenne*, 113 U. S. 517, 526; *Stanley* v. *Supervisors of Albany*, 121 U. S. 535, 548; *Taylor* v. *Louisville & Nashville Rd. Co.*, 60 U. S. App. 166, 201; *Phila. Fire Assn.* v. *New York*, 119 U. S. 110, 120; *New York State* v. *Barker*, 179 U. S. 279, 284.

*Mr. Edward C. Crow*, Attorney General of the State of Missouri, and *Mr. Bruce Barnett* for defendants in error, submitted :

Under Art. 4, § 16, Const. of Missouri and act of March 9, 1901, p. 232, respondents, as a state board of equalization, constitute a judicial body vested with discretionary powers, and there being no provision made by statute for appeal from their decisions, their jurisdiction in the matter of assessing property is exclusive, and no act of this body in such connection is subject to review by any court. *Hagar* v. *Reclamation District*,

111 U. S. 701, 710; *Manchester* v. *Furnald*, 71 N. H. 153; *State ex rel. Gottlieb* v. *Western Union Telegraph Co.*, 165 Missouri, 502; *National Bank* v. *Kimball*, 103 U. S. 732; *Stanley* v. *Supervisors*, 121 U. S. 535.

Respondents· have taken action in the premises; their discretion has been exercised. Relator seeks by mandamus not merely to compel this *quasi* judicial body to act, but to compel a revision of the finding of said body, that they may arrive at a different result.

Mandamus will not lie for such a purpose. This remedy is effective to require such a body to take action, but cannot be used to direct the course which it must pursue or the result which it must reach in the exercise of its discretion.

The fact that no provision is made for appeal for writ of error in this case does not justify the court in undertaking to review the finding in a mandamus proceeding. *In re Rice,* 155 U. S. 396; *State Board* v. *Goggin,* 61 N. E. Rep. 339, distinguished.

It is not the duty of the board to make any assessment on express companies, it being provided by a statute of the State that in lieu of taxes they pay one and one-fourth per cent of their gross receipts. Rev. Stat. Missouri, 1899, sec. 9400, vol. II, p. 2184. This statute has been declared constitutional, and upheld by this court. *Pacific Express Co.* v. *Seibert,* 142 U. S. 339.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to the Supreme Court of Missouri, upon a judgment quashing an alternative writ of mandamus to the state board of equalization. The petition alleges that the board, instead of assessing the total actual cash value of the taxable property of certain railroad, bridge, telephone, telegraph and express companies, made pretended, fraudulent, inadequate and not uniform assessments upon such property at valuations varying from about a quarter to forty-eight

per cent of the actual value, except that of the express companies, which they did not assess at all. It alleges that in this way the petitioner will be deprived of his property without due process of law and will be denied the equal protection of the laws, contrary to the Fourteenth Amendment of the Constitution of the United States. The motion to quash denied the jurisdiction of the Supreme Court of Missouri to issue the writ, and also the sufficiency of the grounds on which the writ was allowed. The court sustained the motion without an opinion or statement of reasons.

For all that appears, the court may have quashed the writ on grounds of local practice. But if this consideration be laid on one side, it is impossible to say that the board of equalization has not acted with regard to those companies which it has assessed. It has laid a substantial tax upon them. Its judgment is final under the Missouri constitution and statutes. Mo. Const. Art. X, § 18; Rev. Stat. §§ 9344, 9356, c. 149, art. 8, March 9, 1901, Stat. 1901, p. 232. If, nevertheless, we assume that mandamus would lie upon a clear case of fraud adequately alleged and proved, *State Board of Equalization* v. *People*, 191 Illinois, 528, 539, it would be a strong thing to revise the judgment of the board on the strength of allegations of undervaluations, and the single adjective "fraudulent" without more specific allegations of fact. *State* v. *Western Union Telegraph Co.*, 165 Missouri, 502, 516, 517; *State* v. *Talty*, 166 Missouri, 529, 560; *Manchester* v. *Furnald*, 71 N. H. 153, 158; *Knight* v. *Thomas*, 93 Maine, 494; *Maish* v. *Arizona*, 164 U. S. 599, 611; *Pittsburg, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Backus*, 154 U. S. 421, 434, 438. See *Fogg* v. *Blair*, 139 U. S. 118, 127.

However this may be, the petitioner admitted at the argument that his own tax was correct, and that he would have had no case under the Fourteenth Amendment if the companies had been exempted altogether. *Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 283, 293–295; *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540, 562. But his rights

under that amendment turn on the power of the State, no matter by what organ it acts. *Virginia* v. *Rives,* 100 U. S. 313, 318. Therefore, if the Supreme Court of the State construed the statutes as exempting express companies from this tax and substituting another, as it is argued on behalf of the defendants in error that the statutes do, the petitioner cannot complain here. For the legislature could exempt them, and the question whether it has done so or not is for the state courts to decide in their construction of its acts. Furthermore, if the State could grant a total exemption it could grant a partial exemption, and if it has done so, *de facto,* through its officers, the petitioner cannot come here on an allegation that the officers acted as they did without the authority of the State. That again is for the state court to decide. The petitioner has no case under the Constitution of the United States, and nothing else is open. This is a writ of error to a state court, so that questions under the state constitution and laws cannot be considered as they might be on error to a subordinate court of the United States.

*Judgment affirmed.*