BONNER v. TERRE HAUTE & I. R. CO.

(Circuit Court of Appeals, Seventh Circuit. January 1, 1907.)

No. 1,278.

1. RAILROADS—CONSOLIDATION—INDIANA STATUTE.

Burns' Ann. St. Ind. 1894, § 5257, which provides that "any railroad company * * * shall have the power to intersect, join and unite its railroad with any other railroad * * * and such railroad companies are unauthorized to merge and consolidate the stock of the respective companies" under certain conditions, does not limit the right of consolidation to two companies, nor is it essential when more than two consolidate that the line of each shall intersect the line of every other.

2. SAME—RIGHTS OF STOCKHOLDER.

A stockholder in a railroad company which is authorized by the law of the state to consolidate with other companies, holds his stock subject to the right of the majority of the stockholders to exercise such power.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, § 451.]

3. EQUITY—DISMISSAL OF BILL.

Where, after the filing of a bill by a stockholder against a railroad company to enjoin it from entering into a consolidation with other companies, a preliminary injunction was denied, and thereafter the consolidation was lawfully effected under the laws of the state, the bill cannot be preserved for the granting of other relief, even if it states grounds therefor, unless other parties rendered necessary by the consolidation are brought in.

Appeal from the Circuit Court of the United States for the District of Indiana.

Thomas Thatcher and John T. Beasley, for appellant.

John G. Williams, for appellee.

Before GROSSCUP, SEAMAN, and KOHLSAAT, Circuit Judges.

GROSSCUP, Circuit Judge. This appeal is from a decree dismissing, for want of equity, the bill of appellant; the sole purpose of the bill (the appellant being the owner of six hundred and six shares of the capital stock of appellee) being to enjoin appellee from consolidating with four other railroad companies.

The bill shows that on the day following the filing of the bill, there was to be held a regularly called meeting of the stockholders of appellee, to take action upon the proposed consolidation; the stockholders having been furnished a statement of the financial condition of the respective companies to be consolidated, the proposed new issue of stock and bonds, and the apportionment thereof to the stockholders of the respective companies.

There is nothing in the bill showing fraud or unfairness in the proposed consolidation, unless it be in the following averments: That the Pennsylvania Railroad Company owns more than seventy per cent. of the stock of the appellee, as also a majority of the stock of the St. L. V. & T. H. Co., a majority of the stock of the T. H. & L. Co. and all of the stock of the L. & T. H. Co. and the I. & V. Co.—these being the other companies to the consolidation; that the directors of these respective companies are officers and directors, and likewise interested, in the Pennsylvania Company; that for three years last past, the stock of appellee company had earned, over and above interest on mortgage indebtedness and other charges, more than seventeen per cent. per annum; that the amount of the stock in the consolidated company offered, was based upon estimates only, and not upon demonstrated earnings; and that "the stock so offered, in exchange for their present stock, will have a far less value than the stock now held by them, and the basis of such exchange will be inequitable to them." The bill also avers that the proposed consolidation is unauthorized by the laws of Indiana, and, is therefore ultra vires.

Upon the filing of the bill a restraining order was entered, and the motion for a preliminary injunction set down for a day subsequent; upon which day, upon full hearing, the motion was overruled, and the restraining order dissolved. Six months subsequently—nothing in the meantime having been done—the appellee filed a plea to the bill to the effect, that since the filing of the bill (during the intervening six months) appellee had executed and delivered an agreement of consolidation, whereby it became consolidated with the several companies therein named, under the name and style of the Vandalia Railroad Company, upon the terms, and in the manner set forth in the bill of complainant; and this plea having been set down for argument, and adjudged by the court to be good and sufficient, the appellant in open court, declined to amend his bill, or file a supplemental bill; whereupon the decree appealed from was entered.

Section one, of an act of the Indiana Legislature passed Feb. 23, 1853 (Burns' Ann. St. 1894, § 5257), reads as follows:

"Any railroad company heretofore organized under the general or special laws of this state shall have the power to intersect, join and unite its railroad with any other railroad constructed or in progress of construction in this state or in any adjoining state at such point on the state line or at any other point as may be mutually agreed upon by said companies; and such railroad companies are authorized to merge and consolidate the stock of the respective companies, making one joint stock company of the two railroads thus connected, upon such terms as may be by them mutually agreed upon in accordance with the laws of the adjoining state with whose road or roads connections are thus formed: Provided, their charters authorize such railroads to go to the state line or to such point of intersection."

The following map shows the physical relations of the consolidated properties to each other:

It is stated in argument that the T. H. & L. road ends at Rockville, thus not "intersecting" with appellee. But the bill avers that the roads do intersect; and we must determine this case according to the averments of the bill.

The principal contention of appellant is that the law contemplates that the roads to be considered shall "intersect, join, and unite," whereas the L. & T. road, ending at Logansport, though intersecting with the T. H. & L. road, did not "intersect, join, or unite" with the appellee road; and that the law authorized the consolidation of but two roads—the consolidation here being of five. The first of these contentions is settled by what we hold as to the second, for if the consolidation of the five roads is authorized, the necessary "intersecting, joining, and uniting" of the roads consolidated is presented.

To construe the statute in accordance with the contention, that it was limited to two roads, would be a very narrow construction. It might conform to the letter, but it certainly would not fit the spirit of the statute. The statute was meant to express the permission of the state of Indiana, that lines of railroad, separated in matter of operation by reason of their having been separately incorporated, might be consolidated. Confessedly the consolidation of all these roads could have been brought about, literally in conformity with the statute, by consolidating two of them at a time, and then consolidating the consolidations—Bish et al. v. Johnson et al., 21 Ind. 299—and the eventual result would have differed from the result actually obtained only in the process followed. That the legislature meant a strict adherence to this process, cannot be believed; Toledo, etc., Railroad Co. v. Continental Trust Co., 95 Fed. 497, 36 C. C. A. 155; nor that a consolidation should fail merely because the process was not literally followed. The Legislature was looking to certain ends consonant with its declared public policy, not to the literal process through which those ends should be attained. Besides, looked at in any large way, the process actually followed is the one pointed out—reaches the same result in the same way, except that what appellant must confess could be done in three acts following each other a moment apart, is done simultaneously. And through the fifty-three years that this statute has been in force, it has been employed, without criticism, to effect the consolidation of two or more roads at the same time.

Some contention is made, that though a consolidation be permitted by the state, so far as the state's public policy goes, it is not authorized by the state, as against the rights of individual stockholders, in the absence of an express provision of statute to that effect. Such, however, is not the law. The appellant having acquired his stock at a time when the law of the state of Indiana conferred upon the company the power to make the consolidation, appellant's stock has been held by him at all times subject to the right of the majority to exercise that power. Nugent v. Supervisors, 19 Wall. 241, 22 L. Ed. 83; Hanna v. Cincinnati & Ft. Wayne R. R. Co., 20 Ind. 30; Bish v. Johnson, 21 Ind. 299.

The consolidation, both as to the state and as to appellant, then, being lawful, and there being no injunction against it at the time it took place, the question arises, Was the Circuit Court in error in dismissing appellant's bill upon the bill and plea? Can the appellant, upon the averments that the consolidation was brought about by stockholders having a pecuniary interest therein, and that the consolidation was against his interest, preserve his bill for such relief, other than injunctive,—the sole purpose of the bill being for an injunction—as a court of equity might extend? Without passing upon the question whether appellant states facts entitling him to any relief at all, it is sufficient to say, that the consolidation having lawfully taken place, the injunctive relief is, as to him, obsolete; and the other relief could be granted only upon bringing into the suit the other parties to the consolidation; for, the consolidation being lawful, but for the relation of the parties to each other, the fact of that relation, and its effect, cannot be determined in their absence. A thing lawfully done,

so far as the state is concerned cannot be undone—a transaction lawfully consummated cannot be torn up and set at naught—for reasons inter parties, unless all the parties to the transaction, including the other railroads, as well as the stockholders of appellee, who have an interest in the transaction, have been given an opportunity to be heard; and the appellant having refused to take this course, and the completed consolidation having made his prayer for injunction alone obsolete, the Circuit Court was not in error in dismissing the bill.

Affirmed.