### HUDSON MOTOR CAR CO. v. CITY OF DETROIT et al.

### No. 9292.

Circuit Court of Appeals, Sixth Circuit.

June 22, 1943.

[redacted]

Frank E. Cooper and Marion S. Harlan, both of Detroit, Mich. (Archibald Broomfield and Beaumont Smith & Harris, all of Detroit, Mich, on the brief), for appellant.

John G. Dunn, of Detroit, Mich. (Paul E. Krause, William E. Dowling, Samuel Brezner, and Helen Miller, all of Detroit, Mich., and Herbert J. Rushton and James F. Shepherd, both of Lansing, Mich., on the brief), for appellee.

Before HICKS, HAMILTON and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

The Hudson Motor Car Company invoked the jurisdiction of the Federal Court under Section 24(1) (a) of the Judicial Code, 28 U.S.C.A. § 41(1) (a), claiming that the taxing officials of the City of Detroit and the Treasurer of the County of Wayne, Michigan, and the Michigan State Tax Commission had arbitrarily determined the value of a part of its property for local taxation which resulted in inequality in appellant's tax burden contrary to the Fourteenth Amendment. Appellant prayed for a declaratory judgment or decree pursuant to the Federal Declaratory Judgment Act. 28 U.S.C.A. § 400. The court on motion dismissed appellant's petition without trial or joinder of issue, from which order this appeal is prosecuted.

In its complaint, appellant alleged that the Board of Assessors of the City of Detroit, the Common Council of the City of Detroit, sitting as a Board of Review with the approval of the Michigan State Tax Commission, valued appellant's machinery and equipment, its furniture and fixtures and its inventory of supplies in excess of their true cash value in violation of the requirements of Section 7 of Article 10 of the Constitution of the State of Michigan and Title 6, ch. 2, Sec. 1 of the charter of the City of Detroit, and that as a result thereof it was deprived of its property without due process and in violation of the Fourteenth Amendment.

The gist of appellant's contention is that the Board of Assessors of the City of Detroit, in determining the true cash value of the above property, used original cost less depreciation or book value with arbitrary adjustments and that the assessors refused to consider as evidence of the value of the property the earnings or losses of appellant as a going business concern and the market value of its stock. In other words, appellant contends that the assessing officials were required to treat all of its property as a unit assessing it as an entirety and any method of valuation which dissects it into fragmentary parts, leads to inequality and injustice, and by ignoring appellant's earnings and losses and the price at which its stock sold to the public, appellees arbitrarily and capriciously assessed its property and are executing the tax laws of the state and city against appellant in such manner that in view of the mode in which other taxing laws are executed against a large part of the taxable property of the City of Detroit, appellees will impose upon appellant an unequal burden in violation of its rights under the State Constitution.

[redacted] Two issues are urged on this appeal: (a) Did the court abuse its discretion in dismissing appellant's petition; (b) Was the court without jurisdiction because of the provisions of the Act of August 21, 1937, Ch. 726, Sec. 1, 50 Stat. 738, amended Sec. 24 of the Judicial Code, 28 U.S.C.A. § 41 (1). Since there is no diversity of citizenship in the case at bar, there must be a federal question not in mere form but in substance, not a mere assertion but in essence and effect to give the court jurisdiction. Cuyahoga River Power Co. v. Northern Ohio Traction & Light Co., 252 U.S. 388, 397, 40 S.Ct. 404, 64 L.Ed. 626.

[redacted] The Fourteenth Amendment was not intended to prevent a state or municipality from adjusting its system of taxation and administering its tax laws in all proper and reasonable ways. Absolute equality in taxation is unattainable. A tax is not in conflict with the Fourteenth Amendment unless its imposition clearly results in such flagrant and palpable inequality between the burden imposed and the benefit received as to amount to the arbitrary taking of property without com-

pensation. The matter of valuation is left largely to the discretion and judgment of assessing officials and equalizing boards, and when acting in good faith, their judgment should not be overthrown unless it is made to appear they proceeded upon an erroneous principle or adopted an improper method of estimating value. State of Missouri v. Dockery, 191 U.S. 165, 171, 24 S. Ct. 53, 48 L.Ed. 133, 63 L.R.A. 571; Sunday Lake Iron Co. v. Township of Wakefield, 247 U.S. 350, 353, 38 S.Ct. 495, 62 L. Ed. 1154; Baker v. Druesdow, 263 U.S. 137, 44 S.Ct. 40, 68 L.Ed. 212; Bell's Gap R. Co. v. Commonwealth of Pennsylvania, 134 U.S. 232, 237, 10 S.Ct. 533, 33 L.Ed. 892.

■ Assessing officials act in a quasi judicial capacity and their findings have the quality of a judgment. Hagar v. Reclamation District, 111 U.S. 701, 709, 4 S.Ct. 663, 28 L.Ed. 569; Turner v. Wade, 254 U.S. 64, 41 S.Ct. 27, 65 L.Ed. 134. A nondiscriminatory tax, although arising out of an excessive valuation, is beyond the pale of the Constitution.

■ When the Constitution is sought to be used as an instrument to set aside an assessment as unfair and partial, something more than error of judgment must be shown, something which indicates fraud or misconduct, or the application by assessing officials of a clearly improper method of estimating value.

There is no fact stated in appellant's petition showing fraud or bad faith on the part of appellees. Giving due weight to all that appellant claims and all inferences to be drawn from the facts alleged in its petition, its contention boils down to the point that in valuing its assets for the purpose of measuring the tax it justly owed, the assessors lacked the authority to segregate its tangible assets into different groups for the purpose of valuation. It has been the practice in all of the states to treat corporations as distinct from individuals in the matter of taxation and it has also been the practice to classify corporations for the purpose of taxation, such as public service corporations and manufacturing companies.

■ Taxes may be imposed (a) upon the franchise of a corporation, (b) upon the capital stock in the hands of the corporation either at its par or actual value, (c) upon the tangible property of the corporation, real and personal, (d) upon the shares of the capital stock in the hands of the

stockholders. Tennessee v. Whitworth, 117 U.S. 129, 136, 6 S.Ct. 645, 29 L.Ed. 830.

■ Under the constitution of Michigan, all assessments of property shall be at its cash value (Constitution 1908, Art. 10, § 7). This means not only the property which may be put to valuable uses but that which has a recognizable pecuniary value inherent in itself and not enhanced or diminished according to the person who owns or uses it. Perry v. City of Big Rapids, 67 Mich. 146, 34 N.W. 530, 11 Am.St.Rep. 570.

■ A tax upon the excess of the market value of the stock of a corporation over the value of its tangible property is a franchise tax. In the case of public service corporations, the special privileges granted to them, which are not possessed by individuals or private corporations, are a secondary franchise and a separate element of value. When separate articles of tangible property are joined together not simply by unity of ownership, but in unity of use, there is frequently developed a property intangible in character which in value exceeds the aggregate of the separate pieces of tangible property. Adams Exp. Co. v. Ohio State Auditor, 166 U.S. 185, 17 S.Ct. 604, 41 L.Ed. 965.

■ The power of the states and their subdivisions to tax all of the enumerated elements of taxable value of corporate wealth is not confined to a choice of a single one to the exclusion of any other and each element itself being distinct may be an appropriate subject of taxation without reference to any other element so long as duplication of value is avoided.

■ In general, real estate and tangible personal property of a manufacturing corporation having a fixed situs are valued for the purpose of taxation in the same manner as like property of individuals.

■ In estimating the value of the intangibles of a corporation, more facts may have to be considered than in estimating the value of tangibles, because ordinarily franchises have no market value separated from the corporation's tangible assets. Therefore, in determining the fair cash value of franchises, the earnings of the corporation, its losses, the price at which the stock sells to the public, are weighty as evidence; but they are not material in valuing the tangible property of corporations although the use to which such property is put and its location may affect its fair cash value.

578

The rule of treating aggregations of property as a unit for the purpose of determining the assessed value thereof has no application to a manufacturing corporation such as appellant unless there is specific statutory authority requiring it. The assets in question are not so intertwined with other taxable assets of appellant that their withdrawal would substantially impair their use for other purposes, or would impair the use of the remaining assets.

Appellant makes no issue that if the assets in question may legally be segregated for the purpose of valuation that appellees have grossly or excessively assessed such properties or that their valuation was arrived at by the adoption of a fundamentally wrong principle. As we view appellant's petition, it presents no facts that would entitle it to the protection of the Constitution.

Appellees invoke Section 24 of the Judicial Code as amended as a bar to this action. This section withdraws from the jurisdiction of the Federal Court any suit to enjoin, suspend or restrain the levy or collection of any tax imposed by a state where a plain, speedy and efficient remedy may be had by law or equity in the courts of such state. In view of the conclusion here reached, we find it unnecessary to consider the remedies appellant has under the laws of Michigan or whether the statute in question ousted the court of jurisdiction.

Judgment affirmed.