**Mary Royster MUDD, Appellant,**

v.

**Edw. C. TEAGUE, Executor of the Estate of Maggie Shay, Deceased, and Silex Banking Company, a Corporation, Appellees.**

**No. 15066.**

United States Court of Appeals,
Eighth Circuit.

March 18, 1955.

Harry A. Frank, St. Louis, Mo. (Alan R. Klobasa, St. Louis, Mo., with him on the brief), for appellant.

Marion S. Francis, St. Louis, Mo. (D. E. Williams, Troy, Mo., and Bryan Cave, McPheeters & McRoberts, St. Louis, Mo., with him on the brief), for appellees.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

JOHNSEN, Circuit Judge.

Appellant sued appellees to obtain possession of some United States bonds, in the amount of $11,000, and to have her alleged right of ownership thereto confirmed by declaratory judgment. The complaint showed that both appellant and appellees were citizens and residents of the State of Missouri. The District Court dismissed the action for lack of jurisdiction.

The contention here is that federal jurisdiction was present upon either of two distinct grounds, and that the dismissal therefore was improper.

It is claimed, first, that the court had jurisdiction under the provisions of 62 Stat. 930, 28 U.S.C.A. § 1331, that "The district courts shall have original jurisdiction of all civil actions wherein the

matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, and arises under the Constitution, laws or treaties of the United States."

■ The complaint enumerated the statutes and regulations under whose authority and conditions the bonds involved had been issued. It was stated that the bonds had been purchased and paid for by Maggie Shay and had been registered by her in the names of "Mrs. Maggie Shay or Mrs. Mary Royster Mudd" (appellant). Under the Treasury Regulations, such a registration created co-ownership in the bonds, with right of survivorship. 31 C.F.R. §§ 315.4, 315.5, 315.45(c).

It further was explanatorily alleged that Mrs. Shay had named appellant as co-owner, because of services which appellant had performed and was to perform for her; that all of such services had been duly rendered by appellant; that Mrs. Shay was now dead; that the bonds had been taken possession of by the executor of her estate and were being held by him and his bank (the appellees here); and that appellees had refused to honor appellant's ownership right under the statutes and regulations and to deliver possession of the bonds to her. This, it is said, created a dispute as to the legal effect of the federal statutes and regulations and hence was a controversy arising under the laws of the United States, within the provisions of 28 U.S.C.A. § 1331, supra.

But any attempted determination by a court of the matter of legal title as between appellant and appellees, to which the United States was not a party, could in no way operate to affect the ownership status and payment obligation commanded by the statutes and regulations to be recognized on the part of the United States as to such registered bonds. The United States was not a party to the suit here, such as was the situation in Guldager v. United States, 6 Cir., 204 F.2d 487, and United States v. Dauphin Deposit Trust Co., D.C.Pa., 50 F.Supp. 73, relied upon by appellant. (We intend no inti-

mation that the United States could properly have been made a party on the mere circumstances alleged in the complaint.)

■ Legally, therefore, the most that the litigation here could possibly affect in relation to the bonds was the incident of their possession. The statutes and regulations have not attempted to impose any federal control or limitation upon that matter. The owner of a bond has been left free to deal with the incident of possession in any manner that he sees fit. There is no prohibition against a bond being held in possession by someone else. The United States is not, under the statutes and regulations, charged with any required concern about or interest in the incident of possession, except in relation to a demand upon it by the owner for an honoring by the Government of its obligation of payment, change in registration, etc. As a matter of fact, the regulations contain an express provision that "Neither the Treasury Department nor any agency for the issue, reissue, or redemption of savings bonds will * * undertake to protect the interests of litigants who do not have possession of the bonds." 31 C.F.R. § 315.15.

Since, as we have said, it was not possible in the situation of the suit for anything else to be affected as to the bonds except the matter of their possession, and since that matter was not one which the statutes had undertaken to limit or control as a general incident, there was legally nothing involved in appellant's claim of a sufficiently direct and substantial federal nature to be capable of being recognized for jurisdictional purposes as a controversy arising under the laws of the United States.

■ Within the purposes of 28 U.S. C.A. § 1331, an action cannot be regarded as one arising under the laws of the United States, where the federal right attempted to be asserted is actually of incidental or collateral relationship only in the litigation, or where, even if it is of direct relationship, it is clearly not possible for it to be substantially affected by the result of the litigation. Cf. Screven County v. Brier Creek Hunting & Fishing Club, Inc., 5 Cir., 202 F.2d 369, 370; Miller v. City of Greenville, Miss., 8 Cir., 138 F.2d 712, 718; Hudson Motor Car Co. v. City of Detroit, 6 Cir., 136 F.2d 574, 576.

■ The second ground on which appellant contends that federal jurisdiction existed is the provision of 62 Stat. 934, 28 U.S.C.A. § 1352, that "The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States." But a suit by an owner against a third party to recover the possession of some United States savings bonds can hardly realistically be termed an "action on a bond." Beyond this, it also would appear that the "action on a bond" involved under the section could not at all be meant to have relation to Treasury bonds, since the jurisdiction which it grants is one that is "concurrent with State courts." If the term "any action on a bond" has application to Treasury bonds, then it necessarily includes the recognition of a concurrent jurisdiction in the State courts to entertain a suit upon such a bond against the United States itself. But the very statement of that concept provides its own conclusive answer. See also 28 U.S.C.A. § 1346.

In view of the result required by the considerations which have been expressed, it is unnecessary to discuss any of the other contentions or propositions urged.

Affirmed.