## Missouri, Kansas & Texas Railway Company of Texas v. J. W. Hassell et al.

### Decided November 13, 1909.

**1.—Taxation—Equality.**

The law intends that each person enjoying government protection shall be required to contribute his reasonable proportion to the burdens of government, and no more; each taxpayer is required to pay a tax in proportion to the property he owns, and so long as he is only called upon to pay on the same percent of valuation as others, he can not complain although one piece of his property is valued proportionately above another, provided the aggregate valuation makes him pay no more than his proper proportion of the taxes.

**2.—Same—Intangible Property—Case Stated.**

A board of equalization assessed the property of private owners at about 75 percent of its real value; it assessed the intangible property of a railroad company in the same county at its full value, but assessed the tangible property of the said company at above 50 percent of its real value; it appearing that the sum of the taxes assessed against the company was no more than it would be required to pay if both its tangible and intangible properties were assessed at 75 percent of its real value, the company had no cause of complaint on the ground of unjust discrimination

**3.—Same—Constitutional Law—Case Followed.**

The Act of the 30th Legislature amending the Act of the 29th Legislature (Gen. Laws, First Called Session, 1907, page 469) providing for the taxing of the intangible assets of certain corporations, is not violative of article VIII, section 1 of the Constitution of this State. Lively v. Missouri, K. & T. Ry. Co. of Texas, 102 Texas, 545.

Appeal from the District Court of Grayson County. Tried below before Hon. B. L. Jones.

*Coke, Miller & Coke, A. H. McKnight* and *Smith & Wall,* for appellant.—Every article of property in this State is subject to taxation in proportion to its value, and it is the duty of the assessor to so assess it and of the Board of Equalization to so place it on the tax rolls. Sections 1 and 18, art. 8, Constitution; 1 Cooley on Taxation, 420; People v. Whyler, 41 Cal., 351; Savannah v. Weed, 8 L. R. A., 271; Redman v. Tarboro, 7 L. R. A., 539.

The tax assessor and Board of Equalization of taxes are without power to relieve any article of property from all or any part of its proportion of taxes, regardless of what their motives for so doing are. 1 Cooley Taxation, 381-2; Weeks v. Milwaukee, 10 Wis., 186; Fond Du Lac Water Co. v. Fond Du Lac, 16 L. R. A., 584.

Where there is a duty to place all property on the tax rolls in proportion to value, the commissioners as a Board of Equalization are estopped from saying that because they valued one article of property too high, that they valued another too low in order to equalize, or that they in any particular performed their duties in any other way than that required by the Constitution and law. Fond Du Lac Water Co. v. Fond Du Lac., 16 L. R. A., 584; Patterson v. True, 2 S. W., 860; San Luis Obispo Co. v. Pettit, 100 Cal., 442, 34 Pac., 1082; Mathews v. Boland, 5 Rob. (La.), 200; Matthews v. Dare, 20 Md., 248.

The intentional overvaluation of appellant's intangible property by the Board of Equalization can not be extended or enlarged by parol proof of intention, nor could the injustice be remedied by showing that this wrong of overvaluation was righted by a wrong of undervaluation of other property. Fond Du Lac Water Co. v. Fond Du Lac, 16 L. R. A., 583.

Upon the question that if the Board of Equalization in attempting to assess and equalize property within its jurisdiction does knowingly and intentionally violate the law, and does by a systematic course assess one class of property at its full valuation and all other classes of property upon a basis of not exceeding seventy-five per cent of its valuation, such action is a discrimination and will not be enforced, we cite the following authorities: State Constitution, art. viii, sec. 1; Missouri, K. & T. v. Shannon, 97 S. W., 527, 100 Texas, 379; Cummings v. Natl. Bank, 101 U. S., 153; Taylor v. Louisville & N. Ry., 88 Fed. Rep., 350; Raymond v. Chicago Union Traction Co., 207 U. S., 21; Andrews v. King County, 22 Am. St. Rep., 136; Ex parte Ft. Smith & Van Buren Bridge Co., 36 S. W., 1060; Chicago, B. & Q. v. Atchison, 39 Pac., 1039.

In support of the contention that the valuation for taxing purposes of one class of property at its full value and all other classes on a basis not exceeding three-fourths its value denies to such persons as are taxed upon a full basis an equal protection of the law, we cite the following cases: Raymond v. Chicago Union Traction Co., 207 U. S., 21; Railroad Tax Cases, 13 Fed. Rep., 722; Nashville, C. & St. L. Ry. v. Taylor, 86 Fed. Rep., 168.

A customary and intentional undervaluation of a large class of property by the assessing officers, knowing that other classes of property will and must be assessed at full value, is in law a fraud against the taxpayer discriminated against, and that equity will grant proper relief, we cite the following authorities: Johnson v. Holland, 17 Texas Civ. App., 210; Cummings v. Natl Bank, 101 U. S., 153; Andrews v. King County, 22 Am. St. Rep., 136; Chicago, B. & Q. v. Atchison County, 39 Pac., 1039; Ex parte Ft. Smith & Van Buren Bridge Co., 36 S. W., 1060.

*C. L. Vowell,* County Attorney, Grayson County; *R. V. Davidson,* Attorney-General, and *Claude Pollard,* Assistant Attorney-General, for appellees.—The Act does not violate the provision of article VIII, section 1, of the Constitution of Texas, that all taxation shall be equal and uniform. Missouri, Kansas & Texas Ry. Co. of Texas v. Shannon, 100 Texas, 379; State Railroad Tax Cases, 92 U. S., 575; Cummings v. Natl. Bank, 101 U. S., 154; Michigan Railroad Tax Cases, 138 Fed. Rep., 223; State v. Severance, 55 U. S., 378; Gray on Limitations of Taxing Power, paragraphs 1454, 1455, 1456.

The act of the State tax board can not be set aside by a collateral attack which purportedly seeks to set aside an act of the Board of Equalization of the county. The act of the State tax board can not be adjudged invalid and held for naught when it has acted in strict conformity to the law, because other officers of the State might have disregarded the law in the assessment and equalization of prop-

erty for taxation. Louisville R. R. Co. v. Commonwealth, 49 S. W., 486; City of Lowell v. County Commissioners, 25 N. E., 470; Central R. R. Co. v. State Board of Assessors, 65 Atl., 244.

Appellant having failed to seek relief from the Board of Equalization of the county, it can not now maintain an action to enjoin the collection of a portion of the tax upon its intangible assets. It had an adequate remedy at law, and having failed to avail itself of this remedy it is now estopped to ask relief from a disproportionate valuation of its property, if any such exists. Duck v. Peeler, 74 Texas, 268; Clawson Lumber Co. v. Jones, 20 Texas Civ. App., 208; Rio Grande R. R. Co. v. Scanlan, 44 Texas, 649; Houston & T. C. R. R. Co. v. Presidio County, 53 Texas, 518; Carroll v. Alsup, 64 S. W., 193; Dundee v. Charlton, 32 Fed., 195; Wagoner v. Loomis, 37 Ohio State, 571; New York, etc., v. Gleason, 13 N. E., 204; Kemper v. Lots in the City of Ashley, 13 N. E., 556; Northern Pac. Ry. Co. v. Patterson, 24 Pac., 704.

Fraud on the part of the Board of Equalization will not be presumed. It must be alleged and proved. Custom and usage of undervaluation of property for taxation does not establish fraud. Fraud must be clearly established before equity will set aside an act of the Board of Equalization. Johnson v. Holland, 17 Texas Civ. App., 210; Mann v. State, 18 Texas Civ. App., 701; Keokuk & H. Bridge Co. v. Bertschi, 44 N. E., 207.

Appellant is not entitled to relief only because of the mere custom and usage of undervaluation of property for taxation by the local assessing officers. Such an undervaluation must be intentional and designedly made to discriminate against appellant to entitle it to any relief. Engelke v. Schlenker, 75 Texas, 559; Chicago, B. & Q. Ry. Co. v. Babcock, 204 U. S., 585; Coulter v. Louisville & N. R. R. Co., 196 U. S., 599; Albuquerque Bank v. Perea, 147 U. S., 87; New York State v. Barker, 179 U. S., 279; National Bank v. Kimball, 103 U. S., 732; Louisville & N. R. R. Co. v. Coulter, 131 Fed. Rep., 288; Michigan R. R. Tax Cases, 138 Fed. Rep., 223; Louisville R. R. Co. v. Commonwealth, 49 S. W., 486; Illinois & St. L. R. & Coal Co. v. Stookey, 13 N. E., 516; McCurdy v. Prugh, 55 N. E., 154; Paducah Street Ry. Co. v. McCracken County, 49 S. W., 178; Keokuk & H. Bridge Co. v. Bertschi, 44 N. E., 206; Alexander v. Thomas, 12 So., 708; Wagoner v. Loomis, 37 Ohio State, 571; Penobscot Chemical Fibre Co. v. Inhabitants of the Town of Bradley, 59 Atlantic, 83.

BOOKHOUT, ASSOCIATE JUSTICE.—The Missouri, Kansas & Texas Railway Company of Texas, appellant, on the 29th day of January, 1908, brought suit in the District Court of Grayson County, Texas, against J. W. Hassell, county judge; T. J. Dean, tax collector; C. W. Batsell, Frank Thompson, D. H. Washburn and D. A. Younger, county commissioners, appellees, and the said Hassell and the said commissioners constituting the Commissioners' Court of Grayson County and the Board of Equalization of taxes in said county, to enjoin the collection of taxes on appellant's intangible properties in Grayson County, at full value.

The gist of plaintiff's contention is set forth in the tenth paragraph of its petition as follows: "That the tangible property of plaintiff in said county of Grayson was and is assessed for taxation for the year 1907, at as high a percent of its full and fair market value as other property of said county was and is assessed, and it has been so assessed for all years prior to the year 1907, and that the action of said Board of Equalization in knowingly, intentionally, arbitrarily and fraudulently so equalizing the intangible assets of plaintiff and in approving the tax list and books of said tax assessor of Grayson County showing the assessment of such assets at the full and fair market value thereof, while all other property in said county other than intangible assets is and was for 1907 assessed at not exceeding seventy-five percent of its full and fair market value; and the action of the said board in knowingly, intentionally, arbitrarily and fraudulently failing and refusing to equalize the intangible assets of plaintiff and other railway companies as it equalized all other property in said county, and in approving the tax list and books of the tax assessor of said county when said list and books show and then showed an assessment for taxation of the intangible assets of plaintiff and other railway companies in said county at about twenty-five percent of the full and fair market value of said intangible assets above the valuation at which all other property in said county is and was assessed for taxation, were and are illegal and void, and in violation of those provisions of section 1, article VIII, of the Constitution of Texas, which declares that taxation shall be equal and uniform and that all property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, and in violation of that provision of section 1 of the Fourteenth Amendment to the Constitution of the United States, which declares that no State shall deny to any person within its jurisdiction the equal protection of the laws. The petition concluded with a prayer that defendant T. J. Dean be enjoined from collecting the taxes alleged to be illegal.

Appellees, after a general demurrer and general denial, in answer to appellant's petition alleged: (1) "That the intangible assets of plaintiff was by the tax assessor of Grayson County placed, set down and listed upon the tax rolls of the county at the value fixed, determined, declared and certified by the State tax board and that said value represents the full and fair market value of said intangible assets. Defendants deny that the property of the taxpayers in general in Grayson County was for the year 1907 assessed, equalized and placed on the tax rolls for taxation purposes at not exceeding sixty percent of its full and fair market value, and alleged the facts to be that all property of taxpayers in general in said county, except money, the tangible property of plaintiff and other railway companies, and the intangible assets of plaintiff and other railway companies was assessed, equalized and placed on the tax rolls for taxation purposes at seventy-five percent of its full and fair market value. Defendants further allege that the tangible property of the plaintiff and other railway companies was assessed, equalized and placed on the tax rolls for taxation purposes at fifty percent of its full and

fair market value, being twenty-five percent less of its full and fair market value than that of other taxpayers in general throughout the county; that the tangible property of plaintiff and other railway companies was assessed, equalized and placed on the tax rolls for the purposes of taxation at twenty-five percent less of its full and fair market value than the property of other taxpayers in general by reason of the fact that the intangible assets of plaintiff and other railway companies were placed, set down and listed upon the tax rolls of the county for taxation purposes at full value, being twenty-five percent above the percentage of value at which the property of other taxpayers in general throughout the county was assessed, equalized and placed on the said rolls. (2) Defendants allege that the tangible property of plaintiff and other railway companies was assessed, equalized and placed on the tax rolls at only fifty percent of its full and fair market value, and at twenty-five percent less of its full and fair market value than the property of other taxpayers in general throughout the county for the purposes of equalizing the values of all properties for taxation, including the intangible assets of plaintiff and other railway companies. Defendants allege that plaintiff appeared before the Board of Equalization of said county and urged that the value of its tangible property be not raised and insisted that it remain as it was then listed, for the reason that its intangible assets would be assessed at full and fair market value and the property of other taxpayers generally throughout the county would be assessed at seventy-five percent of its full and fair market value, and by reason of these facts its tangible property should remain at fifty percent of its value, the value of plaintiff's intangible and tangible being of equal value, in order that the valuations might be equalized for the purposes of taxation throughout the county, including the valuation of its intangible assets, and that said Board of Equalization by reason of this request and argument of plaintiff refused to raise the valuation of its tangible property to seventy-five percent of its value, but did raise the value of the property of other taxpayers in general throughout the county seventy-five percent of its full and fair market value in order that the valuation of all properties for taxation purposes in said county, including the intangible assets of plaintiff, might be equalized, said intangible assets of plaintiff being at full value and said tangible property of plaintiff being at fifty percent of its full and fair market value and the property of other taxpayers in general being at seventy-five percent of its full and fair market value. Wherefore defendants say that there is no inequality or ununiformity in the burden of taxation imposed upon plaintiff, and of this they put themselves upon the country."

A trial resulted in a judgment for defendants denying plaintiff the relief prayed for, to which judgment it excepted and perfected an appeal to this court.

The main questions raised by appellant in its brief were passed upon by the Supreme Court in answering certified questions from this court in the case of Lively et al. v. Missouri, Kansas & Texas Railway Company of Texas, 102 Texas, 545. It was there held that

the Act of the Thirtieth Legislature amending the Act of the Twenty-ninth Legislature providing for the taxing of the intangible assets of certain corporations is not violative of article VIII, section 1, of the Constitution of Texas, as is here contended by appellant; and that the Legislature had authority to create a State board to assess the intangible assets of corporations as was done by said Act. In that case it was conceded that all other of the property, except money and the intangible assets of railroads, was assessed at sixty-six and two-thirds percent of its real value, while the intangible assets of railroads were assessed at their full value. It was held that the right of equal and uniform taxation was not given the railroad in that case.

The original briefs of the parties were filed in this court before the decision in the case above cited was rendered. Since the rendition of the opinion in that case the appellee has filed its supplemental brief wherein it is contended "that the sole purpose of our laws in regard to taxation is to compel each person to bear the burden of government in proportion to the amount of property he owns; and when all alike equally share in this burden no one has a right to equitable relief, even though one piece of the property of the party seeking relief be valued above other property, if there be a sufficient decrease in the valuation of another piece of the person's property to make him pay the same amount of taxes according to what he owns that every other citizen pays."

It was shown in the case now before us that the Commissioners' Court of said Grayson County, as required by law, met as a Board of Equalization at Sherman, on the 15th day of June, 1907; that after having inspected, corrected and equalized the tax lists and books of the tax assessor of said county, showing the assessment for taxation of all property in said county, approved the same, and that the property of plaintiff as so equalized and the assessment thereof approved by the said Board of Equalization, was thereafter, by the assessor, placed on the tax rolls of said county at the following valuation:

Plaintiff's tangible property, including rolling stock, at
    the sum of.....................................$ 797,938
Plaintiff's intangible property, at the sum of............ 1,469,000

That the manner, custom and habit of assessing property for taxation in Grayson County, Texas, has been as follows: That for the year 1907 all property in said county (except money, the tangible property of railway companies, and the intangible property of railway companies) was assessed, equalized and placed on the tax rolls for taxation at an average valuation of seventy-five percent of its fair market value; that the tax assessor of Grayson County in assessing the property other than money, the tangible property of railway companies, and the intangible assets of railway companies, in said county, intended and undertook to assess and place the same on the tax rolls for taxation purposes at seventy-five percent of its fair market value and that the Board of Equalization of said county

approved said valuation, and when the assessor was assessing said property, and when the Board of Equalization was approving said assessment, the said assessor and Board of Equalization understood that the said property, except money, the tangible property of railway companies, and the intangible property of railway companies, was being assessed at seventy-five percent of its fair market value, and that if the same was not so assessed, it was a mistake or error in the judgment of said assessor and said Board of Equalization; that the tangible property of plaintiff was assessed and equalized and placed on the tax rolls for taxation for the year 1907, at fifty percent of its fair market value as found by said Board of Equalization; that money was assessed, equalized and placed on the tax rolls for taxation for the year 1907, at its full value; that the intangible property of railway companies was placed, set down and listed on the tax rolls of said county for the year 1907, at their full and fair market value, as fixed, declared and certified by the State tax board. That the custom and habit of undervaluing property for purposes of taxation had been in vogue and effect in Grayson County, Texas, with reference to the assessing and equalization of property for taxation, for several years prior to 1907, but said custom is not the result of any agreement or understanding between the tax assessor of Grayson County and the Board of Equalization of Grayson County, or between the tax assessor and the said board, or either of them, with any other officer of the State or county. It is conceded by the appellant herein that a fifty percent valuation of the tangible assets of the appellant amounted to the sum of $797,938, or that the full valuation of the other assets except the intangible assets was $1,595,876. The intangible assets, as fixed according to law and apportioned to Grayson County, was $1,469,000. In the agreed statement of facts it is admitted that the appellant herein was before the Board of Equalization of Grayson County, Texas, for the year 1907, in response to notice to show why the value of its tangible property for the purpose of taxation should not be raised; and urged that it would have to pay taxes on the full value of its intangible assets as found by the State tax board, and appellant asked said Board of Equalization to leave the value of its tangible property as it had theretofore been. Said Board of Equalization in consideration of said argument and representations of plaintiff, agreed not to raise the value of its tangible property, but left the same as rendered and so entered its judgment; and did raise the value of other taxpayers in the county to seventy-five percent of its value. Said board considering and believing that the value of tangible property of plaintiff and the value of its intangible property in said county were about equal and by leaving the tangible property as it had been rendered, the intangible being at full value, the burden of taxation as between the plaintiff and other taxpayers would be equalized.

It thus appears that the real value of all of appellant's property in Grayson County, including its tangible and intangible property was the sum of $3,064,876, and on a seventy-five percent basis would amount to the sum of $2,298,657, the sum that the appellant ought to pay taxes upon in order for it to bear its just and equal burden

of taxation, but the conceded facts show that the appellant is only called upon to pay taxes for the year 1907 on $1,469,000 intangible and $797,938 tangible, making a total of $2,266,938, which is $31,-719 less than the appellant ought to pay upon if its entire property in Grayson County was assessed as other property owners of the county were assessed.

The law intends that each person enjoying government protection shall be required to contribute his reasonable proportion to the burdens of government, and no more. 1 Cooley on Taxation, pp. 254-255. In other words, each property owner owning property subject to taxation is required to pay a tax in proportion to the property ·he owns; and so long as he is only called upon to pay on the same valuation as others he is not entitled to equitable relief, although one piece of his property is valued above another, if there be a sufficient decrease in such other to make him pay the same proportion of taxes on what he owns as every other citizen is required to pay.

Under the facts the appellant was not entitled to the equitable relief prayed for, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.