BAKER, RECEIVER OF THE INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY, ET AL. v. DRUESEDOW, TAX COLLECTOR OF HARRIS COUNTY, TEXAS, ET AL.

ERROR AND CERTIORARI TO THE SUPREME COURT OF THE STATE OF TEXAS.

No. 12. Argued October 2, 1923.—Decided November 12, 1923.

1. That the Fourteenth Amendment does not prevent a State from taxing the intangible property of a railroad, ascertaining its value by deducting the value of its physical assets from the value of its property as a whole, within the State; or from taxing railroads by other rules than those prescribed for other business concerns; or from imposing double taxation,—are propositions long settled, denial of which is frivolous. P. 140.
2. Over-assessment due to mere error of judgment is not reviewable here as a violation of due process of law. P. 141.
3. Where assessments of tangible and intangible railroad property are made independently by separate boards, but the taxes are laid on both at the same rate, collected by the same county officers, and treated by the state law as constituting together a single

*ad valorem* tax, systematic and intentional assessment of the intangibles at full value while tangible property in general is assessed at less, does not deny a railroad equal protection of the law, if, by reason of lower valuation of its tangible property, its property in the aggregate is not valued at a higher rate than other property in the county. P. 142.

229 S. W. 493, affirmed.

REVIEW of a judgment of the Supreme Court of Texas, sustaining and enforcing a tax on railroad property, in a suit brought by its receivers to enjoin collection. The questions concerning the validity of the state taxing statute, upon which the writ of error was based, are held to be without substance, and that writ is dismissed; but the writ of certiorari is granted and under it other questions, arising in the administration of the statute, are reviewed.

*Mr. Samuel B. Dabney* for plaintiffs in error and petitioners.

*Mr. W. A. Keeling,* Attorney General of the State of Texas, for defendants in error and respondents, submitted. *Mr. Frank M. Kemp,* Assistant Attorney General, was also on the briefs.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit was brought in a state court of Texas by the receivers of a Texas corporation, the International & Great Northern Railway, against the taxing authorities for Harris County. It seeks to enjoin the collection of the tax assessed for the year 1915 upon the so-called intangible property of the company within that county. The trial court denied the relief prayed; and, on defendants' cross action and a plea in reconvention, entered judgment against the plaintiffs for the amount of the tax. The Court of Civil Appeals reversed this judgment and granted the injunction. 197 S. W. 1043. Its judgment was in turn reversed by the Supreme Court of the State

which affirmed the judgment of the trial court. 229 S. W. 493. The case comes here on writ of error under § 237 of the Judicial Code as amended; and also on a petition for a writ of certiorari, consideration of which was postponed until the hearing on the writ of error. The claims are that the statute under which the taxes were assessed is obnoxious to the Fourteenth Amendment; and that rights guaranteed by it have been denied in the administration of the statute.

Under the laws of Texas *ad valorem* taxes for both state and county purposes, are laid upon the property of a railroad in every county in which its line is located. The value is determined separately for tangible and for intangible property. The assessment of the tangible property is made by county officials. The assessment of the intangible property is fixed by the State Tax Board. It values the intangible property of the company as a whole; and then apportions the amount among the several counties on a mileage basis. Upon the aggregate of the assessments of the tangible and the intangible property so made for each county, the tax is laid by the county officials at the rate found to be necessary and collected by the county's tax collector.[1]

Intangible values of a railroad company have been declared by the highest court of the State to mean " the values of the railroad properties above the value of its physical assets." *Missouri, Kansas & Texas Ry. Co.* v. *Shannon,* 100 Texas, 379, 390. Under the statute the value of the intangible is to be determined by deducting the value of the tangible from the value of the entire railroad property. Article 7420. To enable the State Board to determine the values, the company is required to furnish data. Articles 7415–7419. The Board, on the other

_____
[1] See 1911 Revised Civil Statutes, c. 4, Title 126, Articles 7407 to 7426; Act of April 17, 1905, as amended May 16, 1907. See also cc. 12, 13, Title 126.

hand, is required to submit a preliminary estimate of the
valuation and to give the company an opportunity to be
heard thereon, so that changes may be made before the
valuation is declared effective. Some methods of calcu-
lation are set forth in the statute; but it is provided that
these are not to be deemed mandatory; that all available
evidence must be considered; and that the method of cal-
culation which will best bring about a fair valuation shall
be adopted. Article 7419.

The Board duly submitted its preliminary estimate.
This it later amended upon the discovery of an error.
Thereupon a hearing was held at which the company in-
troduced evidence. The Board adhered to its own esti-
mate as amended. The aggregate assessment for the year
1915 upon this railroad's property within Harris County
was $1,709,332. Of this amount, $603,227.44 was on in-
tangible property. The tax rate was $1.09½ per $100 of
valuation. The amount of the tax so laid was $6,605.34.
The trial court found that the actual value of the tangible
property alone in Harris County was $3,205,202.09; and
that the assessment upon this was only 34 per cent. of
that value.

The contention that the statute violates the Fourteenth
Amendment is wholly without merit. It has long been
settled that the due process clause does not preclude a
State from taxing the intangible property of a railroad,
or from ascertaining its value substantially in the manner
prescribed by the statute herein assailed; that the equal
protection clause is not violated by prescribing different
rules of taxation for railroad companies than for concerns
engaged in other lines of business; [2] and that the Federal

---

[2] See *State Railroad Tax Cases*, 92 U. S. 575; *Railroad Co.* v.
*Vance*, 96 U. S. 450; *Kentucky Railroad Tax Cases*, 115 U. S. 321;
*Columbus Southern Ry. Co.* v. *Wright*, 151 U. S. 470; *Western Union
Tel. Co.* v. *Taggart*, 163 U. S. 1; *Adams Express Co.* v. *Ohio*, 165
U. S. 194, 220; *Adams Express Co.* v. *Kentucky*, 166 U. S. 171.

Constitution does not afford protection against double taxation by a State, which is here alleged.[3] The writ of error is dismissed. The contention that the due process and equal protection clauses have been violated in administering the statute is rested upon many claims. Two of them are substantial. The writ of certiorari is, therefore, granted. But, for the reasons to be stated, the judgment below must be affirmed.

The company has 1106 miles of road and extends into thirty-seven counties. The alleged cost of its " road and equipment " to June 30, 1915, was $46,502,041.55; its alleged depreciated value (as of June 30, 1914) $37,243,133.44; its value as fixed by the Railroad Commission, $34,013,092.07. A foreclosure was effected in 1911. The reorganization largely reduced the capitalization, leaving outstanding a mortgage debt of only $25,239,000.00, and capital stock of $4,822,000. The net earnings of the company in 1911 to 1914 were so small that, if the property were capitalized on the basis of seven per cent., it would appear to have been worth less than $30,000,000 in 1912, and in 1914 less than $1,000,000. In the latter year the company, unable to pay its fixed charges, again passed into receivers' hands. The State Tax Board fixed the value of the physical property in 1915 at $28,372,810, and of the intangibles at $10,743,223; making the value of the entire property $39,116,033.

The receivers contend that, even if the value of the entire property was as found by the State Board, the physical property was undervalued, resulting in an overvaluation of the intangibles so gross as to amount to a denial of due process of law. There was evidence, including statements made by the receivers, which supports the State Board's valuation. The trial court, upholding this valuation, found that it represented the honest judg-

---

[3] *Kidd* v. *Alabama,* 188 U. S. 730, 732; *Cream of Wheat Co.* v *Grand Forks,* 253 U. S. 325, 330.

ment of the State Board; and that there was no evidence of arbitrary action or of improper motives on its part. This holding of the trial court was approved by the highest court of the State. There is no evidence of arbitrary action, of fraud, or of gross error in the system on which the valuation was made, to justify the claim of denial of due process. *Pittsburgh, Cincinnati, Chicago & St. Louis Ry. Co. v. Backus,* 154 U. S. 421, 434; *Maish v. Arizona,* 164 U. S. 599, 610. Mere errors of judgment are not subject to review in this proceeding. *Southern Ry. Co. v. Watts,* 260 U. S. 519, 527.

The receivers also contend that the tax is void, under the equal protection clause, because the tangibles were intentionally and systematically assessed, by the county authorities, at not more than 38 per cent. of their actual value, while intangibles were assessed, by the State Board, at their full value. Where illegal discrimination was practiced, it is immaterial whether it was effected by a single assessing board or through the action of two independent boards. *Greene v. Louisville & Interurban R. R. Co.,* 244 U. S. 499, 513; *Southern Ry. Co. v. Watts,* 260 U. S. 519, 526. Under the laws of Texas the assessments are made by the separate action of two independent boards using different methods, but the taxes upon the tangible and the intangible property of railroads, are laid at the same rate, and are collected by the same county officers. It is the settled law of the State that equitable relief will not be granted, on the ground of discrimination, against an excessive assessment of either one, if, taking the tax on tangible and the tax on intangible property together, the taxpayer is not called upon to pay, on the average, on a higher percentage of the actual value than are other persons and property. *Missouri, Kansas & Texas Ry. Co. v. Hassell,* 57 Tex. Civ. App. 522; *Druesedow v. Baker,* 229 S. W. 493. Thus, the taxes on the two kinds of property are treated by its courts as parts

of a single *ad valorem* tax on railroads. Their construction of the state statutes is binding upon us. The trial court found on adequate evidence that the aggregate assessment placed upon the tangible and the intangible property of the railroad in Harris County was about 45 per cent. of their aggregate true value, whereas the other property in the county was assessed at about 50 per cent. of its true value. Thus the railroad was not, in essence, subject to any discrimination. Compare *Davenport Bank* v. *Davenport*, 123 U. S. 83. The requirement of the equal protection clause was satisfied.

*Affirmed.*