**J. D. McPHAUL et al., Appellants,**

**v.**

**CITY OF LUBBOCK et al., Appellees.**

**No. 7620.**

Court of Civil Appeals of Texas.

Amarillo.

March 28, 1966.

Rehearing Denied April 18, 1966.

Cade & Bowlin, Lubbock, for appellants.

McWhorter, Cobb, Johnson & Cobb, Fred O. Senter, Jr., and George A. Staples, Jr., Lubbock, for appellees.

NORTHCUTT, Justice.

This is an appeal from the denial of a temporary injunction in a suit brought by the plaintiffs, J. D. McPhaul and ten other persons, all tax payers, against the defendants, City of Lubbock, Lubbock Independent School District and their tax assessor and collector, seeking a permanent injunction against collection of taxes levied under an alleged void judgment of a board of equalization appointed jointly by the City and the School District. The plaintiffs will hereafter be referred to as appellants and the defendants as appellees.

Appellants alleged numerous unlawful, discriminatory, confiscatory and arbitrary violations of the constitution and laws of the State of Texas by the board of equalization as to show that the collection of taxes was not equal and uniform; that all property was not taxed in proportion to its value; did not tax many items of property that were subject to taxation and thereby taxing appellants more than they should be taxed. Appellants sought a temporary injunction restraining the appellees from committing any and all of the alleged unlawful, illegal and arbitrary acts and from placing value

upon the properties of appellants and from filing such tax roll and requiring the appellees to adopt a tax roll including the proper valuations of all properties uniformly arrived at as required by law. The trial court denied the temporary injunction and from that order appellants perfected this appeal.

Appellants present this appeal upon six points of error contending the court erred in refusing to enjoin or restrain temporarily, pending the outcome of the suit, the collection of appellants' taxes which had been illegally and unconstitutionally assessed against their property; in refusing to enjoin, pending the outcome of the suit, the collection of taxes fraudulently assessed against appellants' properties; in refusing to enjoin appellees from enforcing the void judgment of the board of equalization; in refusing to enjoin the collection of taxes against appellants' properties which had never been assessed as provided by law; in refusing to enjoin the collection of taxes against appellants' properties which had been assessed by an appraising firm and not by the official tax assessor and in abusing his discretion by refusing to grant a temporary injunction in the case.

It is undisputed in this record that appellees' tax rolls were adopted and the tax plan for 1965 had been put into effect before appellants filed this suit seeking the issuance of the temporary injunction. In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Co. of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589. Status quo would be requiring the appellees to leave the tax rolls and the tax plan for 1965 as they were adopted. That was not the condition appellants were seeking. If appellants had filed their suit before the tax plan had been approved and put into effect, a different mat-

ter would have been in effect. Appellants were seeking the proper remedy but were late in filing their petition.

If the allegations as alleged by appellants are true, but we do not pass on that issue, they would be entitled to such relief as they could show they were damaged; but that matter would be determined upon a final hearing and not in this temporary injunction hearing. It is stated in Whelan v. State, 155 Tex. 14, 282 S.W.2d 378 as follows:

"Of course petitioners cannot escape the payment of taxes because of the deliberate and arbitrary failure to tax bank deposits. 'The government does not lose its right to taxes justly owing on one parcel of property, by reason of the failure of its officers, either negligently or designedly, to assess other property that is likewise taxable.' City of Wichita Falls, v. J. J. & M. Taxman Refining Co., Tex. Civ.App., 74 S.W.2d 524, 530, writ refused; Sam Bassett Lumber Co. v. City of Houston, 145 Tex. 492, 198 S.W.2d 879. But petitioners do not seek to escape the payment of taxes; they seek only to require a revision of the assessed valuations of their property so that they will be required to pay only the amount that is justly due and owing.

"In State v. Whittenburg, 153 Tex. 205, 265 S.W.2d 569 and City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, we recognized that a taxpayer was entitled to relief when by a deliberate and arbitrary preconceived plan of taxing authorities large amounts of property, owned by others, was omitted from the tax rolls. Once such a plan of taxation is put into effect, the taxpayer must assume the onerous burden of proving substantial injury, that is, that his taxes, by virtue of the omission, are excessive or substantially higher than they would have been if the omitted property had been on the rolls. City of Arlington v. Cannon, supra. It is thus that he may establish that his taxes are 'within themselves excessive' within

the rule laid down in Sam Bassett Lumber Co. v. City of Houston, Tex.Civ.App., 194 S.W.2d 114, 117–118, and approved by this court in the same case. 145 Tex. 492, 198 S.W.2d 879–880. It is only thus that he may secure his constitutional right to be taxed on an equal and uniform basis with others."

■ The appellants are entitled to relief from a fundamentally erroneous plan or scheme of taxation. However, since appellants failed to avail themselves of the remedy of mandamus and injunction before the plan of taxation had been put into effect, the appellants have the burden on a final hearing of proving substantial injury. If apellants' taxes and valuations are not excessive, even though the taxation plan be fundamentally erroneous, they are not entitled to relief. It is stated in City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, as follows:

"The Board of Equalization did not follow the statutory mandates for arriving at the value of property. It ignored market value as the basis for valuation. Its procedures in this respect were wholly unlawful and fundamentally wrong. It is now settled, however, that to obtain relief from taxes arrived at through the use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury. Druesdow v. Baker, Tex.Com.App., 229 S.W. 493, affirmed Baker v. Druesedow, 263 U.S. 137, 44 S.Ct. 40, 68 L.Ed. 212; Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756; Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ.App., 85 S.W.2d 776, no writ history. We had occasion to write at some length on the subject in State v. Whittenburg, supra, and what was said there need not be repeated here."

See also Milligan v. Corsicana Independent School District, Tex.Civ.App., 381 S.W. 2d 97 (N.R.E.) and the cases there cited.

■ Under this record we are of the opinion that since the plan of taxation had been put into effect prior to the filing of the petition herein the trial court was correct in refusing to grant the temporary injunction and appellants on a final hearing must show they were substantially injured. Judgment of the trial court is affirmed.