**R. V. ELLIS et al., Appellants,**

v.

**Billy Jim POLLARD et al., In their Capacity as Board of Trustees of the Chandler Independent School District et al., Appellees.**

No. 226.

Court of Civil Appeals of Texas.

Tyler.

July 7, 1966.

Martin Z. Sammons, Jr., Tyler, for appellants.

Alex Beall, Clapp & Beall, Tyler, for appellees.

SELLERS, Justice.

R. V. Ellis, J. H. Davis, A. D. Boyd, W. C. Ellis, Steve Terrell, Vernon Haile, Clyde Cade, W. H. McKinney, Jr. and Earl High, plaintiffs, filed this suit complaining of Billy Jim Pollard, J. M. Boyd, Robert D. Dewbre, Ivan T. Berry, W. J. Perry, Joe Paul Rains and John Wooten, as Board of Trustees of the Chandler Independent School District, Joe E. Eakin, as Superintendent of Schools of Chandler Independent School District, and Mrs. Jack Cade, as Tax Assessor-Collector of Chandler Independent School District, defendants.

The suit was brought by appellants to enjoin the collection of taxes by appellees based upon on alleged void and unlawful assessment for the year 1965. The appeal is from an order of the trial court refusing a temporary injunction enjoining the collection of such taxes pending a hearing on the application for a permanent injunction. It is without dispute in the record that this suit was filed after the alleged invalid assessments had been put into effect. Nine separate violations in regard to the assessment of appellants' properties are set out in the petition which the appellants claim denied them due process of law and their day in court.

It seems to be the settled rule of law now that a tax payer who brings his suit for relief from void and unlawful assessments of his taxes after the plan has been put into effect has the additional burden of showing substantial injury to himself, and since no effort was made on this hearing to show substantial injury to appellants, the trial court was correct in denying the temporary injunction. In the recent case of McPhaul et al. v. City of Lubbock et al., Tex.Civ.App., 401 S.W.2d 705, where the relief sought and the facts

are almost identical with the case here, the Amarillo Court held:

"Under this record we are of the opinion that since the plan of taxation had been put into effect prior to the filing of the petition herein the trial court was correct in refusing to grant the temporary injunction and appellants on a final hearing must show they were substantially injured. * * *"

Judgment of the trial court is affirmed.