**Clark G. THOMPSON, Appellant,**

v.

**The CITY OF HOUSTON et al., Appellees.**

**No. 15014.**

Court of Civil Appeals of Texas.

Houston.

Jan. 12, 1967.

Rehearing Denied Feb. 3, 1967.

**814**

Spiner, Pritchard & Thompson, Clark G. Thompson, Houston, for appellant.

William A. Olson, City Atty., Jay D. Howell, Jr., Senior Asst. City Atty., for appellees City of Houston and Burford C. Rodgers, Tax Assessor and Collector for the City of Houston and the Houston Independent School District.

Reynolds, White, Allen & Cook, William A. Paddock, Houston, for appellee Houston Independent School District.

COLEMAN, Justice.

This is an appeal from the action of the trial court in denying a temporary injunction against the levy and collection of taxes on the appellant's real estate.

Appellant sued the City of Houston, the Houston Independent School District, and their Assessor-Collector of taxes for a mandamus, or an injunction, to require them to place all personal property located in the City and School District on the property tax rolls. This suit was filed on June 17, 1966. On September 8, 1966, appellant's application for a temporary injunction to restrain appellees from taking further steps to assess or collect taxes against appellant's property, until such time as all omitted property subject to taxation is added to the tax roll of each corporate appellee and appellant's property is re-assessed on a fair, equal and uniform basis, was denied.

Appellant offered proof that no attempt was made by appellees to place the cash in the Houston banks and various other kinds of personal property, on their tax rolls. He offered evidence that there were 341,000 different real estate accounts on the rolls, but only about 29,000 personal property accounts. Practically all of the personal property accounts consisted of personal property of various business concerns. A few automobiles and trucks were listed, but the tax was not collected on them. Appellant produced testimony that there are 56 banks and 16 savings and loan associations in Harris County. From the records of five of these institutions he produced evidence that at the close of business on December 31, 1965, there was deposited in the accounts of individuals, partnerships and corporations, exclusive of the accounts of the United States Government, State and political subdivisions, or other commercial banks, the sum of $1,914,705,586.00. He showed that the total value of the taxable

assets on the 1965 tax roll of the City of Houston was $2,778,436,340.00, and of the School District, excluding the value of automobiles and trucks listed, $2,575,928,090.00. There is evidence that these values were arrived at on the basis of 40% of market value. Appellant testified that if the additional tax revenue which would be gained from the value of these bank deposits was added to the anticipated revenue as shown by the 1966 budgets of the City and School Districts, the tax rate of the City could be reduced by fifty cents per $100.00 and that of the School District reduced by seventy cents per $100.00, and the revenue would exceed the anticipated revenue as set out in the budgets. There was no evidence as to the actual ownership of the bank deposits and thus no evidence as to the percentage of these deposits that would be tax exempt.

Appellant testified as to the amount of cash he had on deposit and offered to pay such tax on his personal property as might be due if taxes were levied and assessed on an equal and uniform basis. He had rendered his real property for taxation, but not his personal property. Prior to bringing suit he had protested to the "Board of Equalization, or the Board of Appraisement of the City of Houston", and, in particular, councilman Lee McLemore, the exclusion of large amounts of property subject to tax from the tax rolls of the City of Houston and the Houston Independent School District.

He further testified:

"I would tender tax upon any brand of property or any class of property at such point the City put them in. In other words, I don't know where they're coming or going. At the point you taxed bank deposits, I would certainly pay tax on my bank deposits or include my bank deposits and I would certainly include bonds and certainly stocks, wherever we go down that line. I do not seek to get out of the taxes. All I am asking is that you all apply them in accordance with the law."

In the City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414, 1954, the court considered this problem and said:

"The deliberate adoption of a plan for the omission from the tax rolls of a large volume of property, personal or real, is in direct contravention of constitutional and statutory provisions for equality and uniformity of taxation. Article VIII, Section 1, Constitution of Texas, Vernon's Ann. St.; Article 7174, Vernon's Annotated Civil Statutes, 1925. Such a plan of taxation results in the rankest kind of discrimination between taxpayers. It does not lie with local taxing authorities to say that certain classes shall bear the entire burden of ad valorem taxation.

"In the recent case of State v. Whittenburg [153 Tex. 205] 265 S.W.2d 569, 573, we recognized the right to relief from such an arbitrary plan of taxation. However, if the taxpayer fails to avail himself of the remedies of mandamus and injunction to prevent a taxing authority from putting such a plan into effect, as those remedies were used in such cases as City of Houston v. Baker, Tex.Civ.App., 178 S.W. 820, writ refused, and City of Wichita Falls v. Cooper, Tex.Civ.App., 170 S.W.2d 777, writ refused, his right to relief is limited. * * *

"* * *

"The Board of Equalization did not follow the statutory mandates for arriving at the value of property. It ignored market value as the basis for valuation. Its procedures in this respect were wholly unlawful and fundamentally wrong. It is now settled, however, that to obtain relief from taxes arrived at through the use of an arbitrary, illegal and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury. Druesedow v. Baker, Tex.Com.App., 229 S.W. 493, affirmed Bak-

**816**

er v. Druesedow, 263 U.S. 137, 44 S.Ct. 40, 68 L.Ed. 212; Rowland v. City of Tyler, Tex.Com.App., 5 S.W.2d 756; Lubbock Hotel Co. v. Lubbock Ind. School Dist., Tex.Civ.App., 85 S.W.2d 776, no writ history. * * *

" * * * In so far as relief is sought upon the basis that the unlawful methods used by the board in arriving at values of real property have resulted in unequal values being placed thereon, only those owners of real property who can make a reasonable showing of actual and substantial discrimination against them would be entitled to relief."

■ In order to show actual and substantial discrimination as to him by reason of the deliberate omission from the tax rolls of personal property, it was necessary for appellant to show that he owned, subject to taxation, substantially more real property than personal property. City of Houston v. Baker, 178 S.W. 820, Tex.Civ. App., Galveston 1915, writ ref.

■ An inference may be drawn from appellant's testimony that he owns stocks and bonds. There is no testimony as to the value of this property. If the personal property owned by appellant is greater in value than the real property he owns, he would not benefit from the inclusion on the tax rolls of all personal property unless it should happen that the inclusion of all property on the tax rolls would reduce the tax rate to such a level that appellant's tax on both real and personal property would be reduced substantially below the tax to be assessed against him on real property alone. In the absence of evidence of the value of the personal property which he owns this is not demonstrated even if his testimony that the tax rate could be reduced by one-third or more is accepted.

The trial court did not abuse its discretion by denying the temporary injunction.

Affirmed.