S. S. BRYSON et al., Appellants,

v.

BERTRAM INDEPENDENT SCHOOL DISTRICT et al., Appellees.

No. 11681.

Court of Civil Appeals of Texas.

Austin.

July 2, 1969.

Rehearing Denied July 23, 1969.

Taylor, Pratt & Malant, Bryce A. Taylor, Burnet, for appellants.

McCreary, Huey & Eskew, Robert M. Huey, Austin, for appellees.

O'QUINN, Justice.

Appellants are twenty-eight owners of property within the Bertram Independent School District who have appealed from judgment of the district court denying them injunctive and all other relief in a suit challenging validity of the school district's assessment of taxes for the year 1968.

Appellees are the school district, its trustees, members of the board of equalization, and the assessor-collector of taxes for the district.

Appellants filed their petition on September 27, 1968. Request for temporary restraining order was presented to the trial court on October 1. The court refused to restrain the district and set a hearing on petitioners' request for temporary injunction for October 24. By consent of the parties, this hearing was continued to November 25, 1968, at which time hearing on the merits was held and judgment entered for the district.

Under three points of error, appellants urge that they were entitled to injunctive relief because the assessments were invalid, the method of evaluation by the board of equalization was illegal and arbitrary, and because the assessor and board "worked so closely together that appellants were effectively prevented from having their taxes assessed" in the first instance and properly reviewed later by the board. Appellees have responded under seven counter points.

The trial court made findings of fact and conclusions of law in response to request of appellants.

The facts as found by the trial court and sustained by the record are as here stated.

For the year 1967 and prior years, taxes for the Bertram Independent School District had been assessed and collected under contract by the assessor-collector of taxes for Burnet County. The school district chose to assess and collect its own taxes for the year 1968 and named a board of equalization and an assessor-collector of taxes. The assessor-collector was elected by the trustees on January 3, 1968, and she opened her office on February 15, 1968.

The assessor-collector prepared renditions for each tract of land and personal property and made assessments for 1968. The value of all raw rural lands was assessed at $100 per acre regardless of location and type, and the value of improvements was added thereto. Personal property was assessed at values employed by Burnet County.

Notice was sent to all property owners on the tax roll of the meeting of the board of equalization. Between thirty-five and forty persons appeared before the board. No person offered any sworn testimony before the board of the value of the person's land. The board held its meeting on July 15, 1968, completed its work, and adjourned. Subsequently, prior to filing of this suit, the board approved the tax roll of the district.

No person was refused opportunity to render property for taxation or to appear before the board of equalization. About

five persons rendered property for taxation, and the assessor-collector received renditions up to and during the meeting of the board.

The assessor-collector mailed tax notices September 23, 1968, and received the first payment on September 26 or September 27. At the time of trial, on November 25, approximately one-half of the taxes had been collected.

There was no evidence that any of the appellants rendered property for taxation in 1968, appeared before the board of equalization, or offered testimony before the board. No evidence was introduced showing market value of any property belonging to appellants, nor was there evidence of market value of any other property in the school district.

As already noted, suit was brought September 27, a restraining order was requested and refused October 1, and hearing on temporary injunction was set for October 24. The case was heard on the merits November 25 and judgment for the district entered that day.

The trial court's conclusions of law are set out as follows:

"1. The tax plan of the Defendant School District was basically illegal and fundamentally erroneous in that an arbitrary value of $100.00 per acre was used on all raw rural acreage, exclusive of improvements by the Tax Assessor-Collector for assessment purposes and the County Tax Office values were used for assessing personal property in the school district and for the reason that the Board of Equalization used $100.00 per acre as the value for all raw rural acreage exclusive of improvements.

2. Plaintiffs, having failed to procure a restraining order of any kind prior to the completion of the work of the Board of Equalization upon the 1968 tax roll, completion and approval of the roll, and commencement of collection of taxes upon such roll, they are not entitled to injunctive relief.

3. The Plaintiffs wholly failed to offer any proof of market values of any property to show substantial injury and therefore are not entitled to any other relief prayed for in their petition."

■ Both the assessor-collector of taxes and the board of equalization, acting for the school district, failed to follow the law in arriving at the value of property. They ignored market value as the basis for valuation. The district's procedures in this respect were wholly unlawful and fundamentally wrong. But it is settled law that to obtain relief from taxes arrived at through use of an arbitrary, illegal, and fundamentally erroneous plan of valuation, the taxpayer must show substantial injury. City of Arlington v. Cannon, 153 Tex. 566, 271 S.W.2d 414 (1954); McPhaul v. City of Lubbock, 401 S.W.2d 705 (Tex. Civ.App., Amarillo, 1966, writ ref. n. r. e.). Refusal to grant a temporary injunction was proper since the plan of taxation had been put into effect prior to filing of suit. McPhaul v. City of Lubbock, supra.

■ The rule is well established that the taxpayer has the additional burden of showing injury to himself if he brings suit for relief from void and unlawful assessments of taxes after the plan has been put into effect. Ellis v. Pollard, 405 S.W. 2d 205 (Tex.Civ.App., Tyler, 1966, no writ). Since appellants made no effort before the trial court to show substantial injury, the court was correct in denying relief. City of Arlington v. Cannon, supra.

Judgment of the trial court is affirmed.

Affirmed.