**COMMISSIONERS COURT OF ANDERSON COUNTY, Texas, et al., Appellants,**

v.

**Jerry L. CALHOON, Appellee.**

**No. 1228.**

Court of Civil Appeals of Texas, Tyler.

Nov. 22, 1978.

M. Gaddy Wells, Melvin D. Whitaker, Paxton, Whitaker & Parsons, Palestine, for appellants.

Jerry L. Calhoon, A. D. Henderson, McDonald, Calhoon & Kolstad, Palestine, for appellee.

MOORE, Justice.

Plaintiff, Jerry L. Calhoon, filed suit against defendant, N. R. Link, County Judge of Anderson County, Texas, as well as the Commissioners Court and the Tax Assessor of Anderson County, for a permanent injunction seeking to enjoin the defendants from putting into effect an allegedly unlawful scheme or plan of taxation and from the collection of ad valorem taxes based thereon. Plaintiff alleged that the defendants were about to adopt a tax plan by which all rural unimproved land would be valued at $48.00 per acre, irrespective of market value, whereas all improved property situated in the county was to be valued on the basis of fair market value. Plaintiff alleged that under the proposed plan, he and other taxpayers, whose property consisted primarily of improved property in the nature of a residence, would be required to bear a greater share of the tax burden than those taxpayers who owned unimproved property valued at the arbitrary figure of $48.00 per acre or one-sixth of its market value. Plaintiff further alleged that the proposed illegal plan was arbitrary and discriminatory and if allowed to be adopted would result in substantial injury to him and other homeowners similarly situated because it would result in their paying more than their fair share of the ad valorem tax burden of Anderson County. His prayer

was for a permanent injunction enjoining defendants from putting the plan into effect and from collecting any taxes on his property based on such illegal plan. After a trial before the court, sitting without a jury, the trial court entered judgment permanently enjoining defendants from "making or certifying or approving any of the present tax rolls." Whereupon defendants perfected this appeal.

We reverse and dismiss.

The record reveals that plaintiff's suit was instituted on July 28, 1978. Judgment was thereafter rendered on August 17, 1978, prior to the time the Commissioners Court of Anderson County, Texas, sitting as a Board of Equalization, had adjourned or certified the 1978 tax rolls. The judgment recites that the court was of the opinion that a permanent injunction should be granted for the following reasons:

(1) The tax rolls have been prepared, but not certified nor approved.

(2) The rural acreage in the County has been included upon the tax rolls thus prepared at an assessed evaluation of $12.00 an acre, which is arrived at by utilizing twenty-five percent (25%) of $48.00 per acre.

(3) Rural acreage in Anderson County has a minimum fair market value of $300.00 to $325.00 per acre.

(4) The $12.00 an acre valuation has been used with no consideration given to the market value of said land.

(5) Residential property, including the Plaintiff's, has been systematically included on the tax rolls by using a formula that gives consideration to market value, and values said property at one-fourth (¼) of fifty percent (50%) to sixty percent (60%) of its fair market value.

(6) The result of the utilization of $12.00 an acre valuation for the rural acreage has been to include on the tax rolls prepared such property at no more than twenty-five percent (25%) of one-sixth (⅙) of its fair market value.

(7) Residential properties, including the Plaintiff's, will carry approximately three (3) times the tax burden as will rural acreage of equal value if the present tax rolls are certified.

(8) The Tax Assessor Collector has not prepared the existing tax rolls; rather, they have been prepared by an employee, Wilson Buckley, hired by and working under supervision of the Commissioners Court.

(9) The Commissioners Court consists of N. R. Link, County Judge, H. C. Wilson, Lavoy Lassiter, B. J. Beard, and W. E. Henry; these individuals also make up the Board of Equalization for Anderson County, Texas.

(10) The rural acreage has been carried upon the tax rolls in the foregoing manner for at least fifteen (15) years during which same period the residential properties have been carried upon the tax rolls at a percentage of its fair market value, which substantially exceeds the percentage the rural acreage has been valued at.

(11) Anderson County, Texas is primarily rural in nature.

(12) An appearance by the Plaintiff before the Board of Equalization to present his complaint would have been futile.

(13) If the present tax rolls are certified and approved, the Plaintiff will pay substantially more taxes than he would were his property rural acreage.

(14) The Defendants, in their official capacities, have perpetuated a scheme which favors taxpayers with rural acreage over taxpayers with residential real property for several years prior to and including the present year.

(15) The manner in which the tax rolls have been prepared results in arbitrary and unconscionable discrimination against taxpayers, including the Plaintiff, whose property consists of real residential properties.

Under the first point of error defendants urge that the trial court erred in granting a permanent injunction because there is no evidence that the proposed plan of taxation would result in substantial injury to the plaintiff. We sustain this point.

■ The material facts do not appear to be in dispute. The uncontroverted testimony offered at the trial shows that all unimproved land situated in Anderson County had a minimum market value of between $250.00 and $325.00 per acre. The evidence shows that commencing in 1963 the county adopted a plan whereby all unimproved rural land was arbitrarily valued at $48.00 per acre, irrespective of market value. Such unimproved land was then assessed at 25% of the arbitrary value, or $12.00 per acre, and taxes were collected on that basis. Residential or improved property, on the other hand, had been for many years assessed on the basis of its market value. The county then attempted to appraise the residential or improved land at approximately 50% to 60% of its market value and then assess such land at 25% of the appraised value. Thus, the evidence conclusively shows that all of the unimproved rural land was assessed on an arbitrary basis which was substantially below the market value while the improved lands were assessed and taxed on the basis of market value. The record shows that the tax assessor had again assessed all property on that basis for the present year and that the Board of Equalization intended to again adopt such a plan for the ensuing year.

In *State v. Whittenburg*, 153 Tex. 205, 265 S.W.2d 569, 572 (1954), Justice Calvert said:

"Article VIII, sec. 1 of the Vernon's Ann.St. Constitution provides that 'Taxation shall be equal and uniform' and that all property 'shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.' By Article 7174, Revised Civil Statutes, 1925, the legislature has directed that 'real property shall be valued at its true and full value in money,' and by Article 7212 has directed boards of equalization to hear evidence touching the 'market value or true value' thereof. Our courts have interpreted these provisions to mean that assessed valuations shall be based on 'the reasonable cash market value' of property. *Rowland v. City of Tyler*, Tex.Com. App., 5 S.W.2d 756, 760."

Unquestionably the evidence offered by the plaintiff shows that the plan or scheme of taxation adopted by the county was arbitrary and illegal. *Whelan v. State*, 155 Tex. 14, 282 S.W.2d 378, 380 (1955) and the cases cited therein. Defendants do not contend to the contrary.

■ However, a mere showing of an erroneous and arbitrary plan of taxation does not entitle a taxpayer to injunctive relief. He still has the burden of showing that the proposed plan would result in injury to him. Consequently, we turn to the question of whether plaintiff discharged this burden.

■ Whether injunctive relief is sought before or after a fundamentally erroneous plan is put into effect, the taxpayer must show substantial injury in order to obtain injunctive relief against such plan. This means that he must show that the plan would discriminate against him by deliberately causing his property to be assessed at a greater percentage of its true value than the percentage assessed for other properties subject to the tax. *City of Arlington v. Cannon*, 153 Tex. 566, 271 S.W.2d 414, 417 (1964); *Atlantic Richfield Co. v. Warren Independent School Dist.*, 453 S.W.2d 190, 198 (Tex.Civ.App.-Beaumont 1970, writ ref'd n. r. e.); *Lancaster Independent School Dist. v. Pinson*, 510 S.W.2d 380, 383 (Tex.Civ.App.-Dallas 1974, writ ref'd n. r. e.).

■ Where the tax plan is attacked on the ground of inequality of assessment, proof of the actual market value of *all* of the plaintiff's property subject to the challenged plan is necessary, since without such proof no discrimination is established. *Montgomery County v. Humble Oil & Refining Co.*, 245 S.W.2d 326, 335 (Tex.Civ. App.-Beaumont 1951, writ ref'd n. r. e.); *State v. Whittenburg*, supra; *Lancaster Independent School Dist. v. Pinson*, supra.

In the instant case, plaintiff testified that he owned a house and lot in Anderson County which he used as his residence. According to the testimony offered by the County his residence had a market value of

$76,800.00. Plaintiff testified that in addition to his residence, he also owned an undivided interest in other improved property. He further testified that he owned an undivided interest in unimproved property in the County. The record contains no proof whatever showing the market value of his improved property other than his residence, and contains no proof of the market value of his unimproved property.

Plaintiff takes the position that the plan of taxation substantially injures him because the ratio of assessed value to market value of his residence exceeds by at least three times the ratio of assessed value to market value of the unimproved rural property throughout Anderson County. While plaintiff admits that he owns some improved property other than his residence and also admits he owns unimproved rural property, the only evidence of the market value of any of his property is the value of his residence. In order to show that the tax plan was discriminatory as to him, it was incumbent on him to prove the value of all of his property. A taxpayer cannot establish substantial injury by offering proof of the market value of only a portion of his property alleged to be subject to the illegal plan or scheme of taxation. *City of Houston v. Baker*, 178 S.W. 820 (Tex.Civ.App.-Galveston 1915, writ ref'd); *Thompson v. City of Houston*, 410 S.W.2d 813, 816 (Tex. Civ.App.-Houston 1967, writ ref'd n. r. e.).

In the absence of any proof of market value of all properties owned by plaintiff alleged to be subject to the illegal plan of taxation, neither the trial court nor this court is in a position to determine whether plaintiff would have been compelled to pay more than his fair share of the tax burden. Consequently there is no basis on which the trial court's implied finding of substantial injury may be sustained. Thus, we hold that the plaintiff has not carried his burden of proof to show substantial injury.

In view of our holding that substantial injury was not established, we do not reach defendant's remaining points of error.

Accordingly, the judgment is reversed; the injunction is dissolved, and the cause is dismissed.